UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| In re: MANNES TZVI OKOUNEV, *Debtor.* | Case No.: 16-31599 (AMN) Chapter 13 Re: ECF No. 30, 35, 38 |
|---|---|
| In re: HORTENSE HALL, *Debtor.* | Case No.: 16-31611 (AMN) Chapter 13 Re: ECF No. 28, 32, 35 |
| In re: JOSEPHINE C. LENNON, *Debtor.* | Case No.: 16-31674 (AMN) Chapter 13 Re: ECF No. 21, 25, 28 |
| In re: GLADYS E. MARTINEZ, *Debtor.* | Case No.: 17-30174 (AMN) Chapter 13 Re: ECF No. 28, 31, 35 |

MEMORANDUM OF DECISION AND ORDER
IMPOSING SANCTION AGAINST ATTORNEY, DISAPPROVING APPLICATIONS FOR
COMPENSATION AND DIRECTING THE DISGORGEMENT OF FUNDS

Before the Court are several Orders for Stacie Ann Zimmerman ("Ms. Zimmerman") to Appear and Show Cause why she should not be sanctioned by the Court for her conduct in these four above-captioned Chapter 13 cases.[1] Also pending before the Court are applications for compensation filed by Ms. Zimmerman in each of these cases. Since the entry of the Orders to Show Cause, on April 25, 2018, Ms. Zimmerman

---

[1] In each of the above-referenced cases, the debtors have been dismissed and the cases remaining pending solely for the Court's consideration of its Orders to Show Cause.

applied for inactive status as a member of the bar of the State of Connecticut by reason of physical and/or mental infirmity or illness.[2]  On May 23, 2018, the Connecticut Superior Court granted Ms. Zimmerman's application and placed Ms. Zimmerman on inactive status effective May 21, 2018, due to her incapacity to practice law.  The Superior Court appointed Attorney Raymond Bliss as Trustee pursuant to Conn. Practice Book § 2-64.  This Court has considered Ms. Zimmerman's inactive status in rendering this decision regarding the Court's Orders to Show Case and the applications for compensation.  For the reasons that follow, the Court concludes that an appropriate sanction is to revoke Ms. Zimmerman's privilege of filing debtor cases in this District until Ms. Zimmerman's reinstatement to active status as a member of the bar of the State of Connecticut and further order of the Court.  Additionally, the applications for compensation are disapproved and Ms. Zimmerman shall disgorge the amount of Five Hundred Dollars ($500.00) to the debtors in each of the four above-captioned cases.

Attorneys representing clients before the United States Bankruptcy Court are required to comply with all applicable rules including the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the District Court's Local Rules, the Bankruptcy Court's Local Rules, and the Rules of Professional Conduct.  As part of her duties to her client and to the Court, an attorney is required to timely review pleadings and orders.  In a bankruptcy case, an attorney representing a bankruptcy debtor has significant responsibility to ensure, among other things, the following: (1) that a case is

---

[2]  Ms. Zimmerman's application initiated a Connecticut Superior Court proceeding entitled Office of Chief Disciplinary Counsel v. Stacie Ann Zimmerman, bearing docket number NNH-CV-18-6080201-S. The documents filed in that proceeding and all orders are available publically online at http://civilinquiry.jud.ct.gov/

2

brought in good faith and not for the sole purpose of delay; (2) that a client is aware of his or her responsibilities as a bankruptcy debtor, including the responsibility to appear and be examined by a bankruptcy trustee pursuant to 11 U.S.C. § 341; (3) that a client is aware of the responsibility to provide documentation and information to a trustee that is necessary for the trustee to carry out his or her statutory obligations pursuant to 11 U.S.C. § 521; and, (4) that a debtor's case is pursued with reasonable diligence so that the client will not be prejudiced through the dismissal of a case due to procedural deficiencies and the application of 11 U.S.C. § 362(c) to a subsequent case for the debtor.

Here, the Court has considered whether it is appropriate to sanction Ms. Zimmerman for failing to adequately carry out her responsibilities as a lawyer for the debtors in the four cases captioned above (the "Four Cases") and for failing to comply with clear, unambiguous orders of the Court. [3]

### *SUMMARY OF RELEVANT LAW*

Rule 11 of the Federal Rules of Civil Procedure and its bankruptcy counterpart Fed.R.Bankr.P. 9011 warn attorneys that a Court may impose sanctions for any filings made in bad faith or for improper purposes. In the context of filing a bankruptcy petition, "[c]ounsel must be able to articulate the sound reasons that led to the decision to file a bankruptcy." *In re George*, 2017 Bankr. LEXIS 1415, at *39 (Bankr.E.D.Pa. 2017); *see also In re Intercorp International, Ltd.*, 309 B.R. 686, 694 (Bankr.S.D.N.Y. 2004)(holding a debtor must have some intention of reorganizing (*citing In re Cohoes Indus. Terminal,* 931 F.2d 222, 227 (2d Cir. 1991)). Filing a petition for the purpose of "[d]elaying state court litigation is woefully insufficient to support the filing of bankruptcy in good faith

---

[3]    Familiarity with the dockets, the Court's Orders to Show Cause entered in each of the Four Cases, and the record of the hearings held regarding the Orders to Show Cause, is assumed.

without an accompanying purpose of reorganization or a 'fresh start' for the client." *In re George*, 2017 Bankr. LEXIS 1415, at *39.

In addition to Fed.R.Bankr.P. 9011, the Court has inherent power pursuant to 11 U.S.C. § 105(a) to sanction the attorneys who appear before it. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, (1991); *Williams v. Lynch (In re Lewis)*, 611 Fed. Appx. 134, 137 (4th Cir. 2015)("This inherent authority and power includes the power to suspend or disbar attorneys from practicing before the court."); *In re Nguyen*, 447 B.R. 268, 281-82 (9th Cir. B.A.P. 2011) (holding that bankruptcy court's power to sanction attorneys under Section 105(a) extended even to suspending an attorney from practice).

### ***DISCUSSION***

In each of the Four Cases, Ms. Zimmerman filed a chapter 13 bankruptcy case for a client but thereafter essentially failed to meet her most basic obligations as the client's attorney. She failed to communicate with the Chapter 13 Standing Trustee on behalf of the client regarding the client's obligation to produce financial information including tax returns and bank records, did not attend the creditors meetings in the client's case, and did not seek to reschedule the creditors meeting once the Chapter 13 Standing Trustee had attempted to hold the meeting when the debtor and counsel simply failed to appear. The consequence of this course of conduct was that creditors were delayed for months in their efforts to collect their debts through the foreclosure process or otherwise, while no genuine effort was made by counsel (or the client) to proceed with the Four Cases. The Court finds it telling that the Chapter 13 Standing Trustee advised the Court in hearings to consider the Trustee's Motions to Dismiss each of the Four Cases that there had been no communication from Ms. Zimmerman regarding documents required to be

4

provided pursuant to 11 U.S.C. § 521, or regarding attendance at a creditors meeting required to be held pursuant to 11 U.S.C. § 341, and that neither Ms. Zimmerman nor the debtor client ever appeared (or attempted to appear) for a creditors meeting in any of the Four Cases.

The Chapter 13 Standing Trustee and her staff spent time trying to administer cases where the debtors and Ms. Zimmerman had no intention of complying with the requirements of the Bankruptcy Code. The Court staff also spent time trying to administer the cases and the Court issued numerous Orders to Show Cause requiring that Ms. Zimmerman account for the money she collected from her clients, pursuant to 11 U.S.C. § 330. The Court notes that when Orders to Show Cause were docketed almost simultaneously in many cases[4] requiring Ms. Zimmerman to file applications for allowance of attorney's fees by a date certain, she did nothing. The Court was then required to engage in multiple additional steps to secure compliance from Ms. Zimmerman, and while doing so, discovered additional cases that required remedial attention to secure the due process rights of both debtors and creditors.

### *Suspension by Superior Court*

As noted above, on or about May 23, 2018, the State of Connecticut Superior Court entered an order suspending Stacie Ann Zimmerman from the practice of law in this State.

---

[4] To be clear, it is extremely unusual for a Court to enter an Order to Show Cause addressed to conduct by an attorney. The filing of numerous orders in the attorney's cases should have resulted in a careful and timely response by the attorney.

5

### *Revocation of Attorney Zimmerman's*
### *Ability to Represent Debtors Before the Bankruptcy Court*

As a result of the record of the proceedings in the Four Cases and the State Superior Court suspension order, the undersigned bankruptcy judge is persuaded that Ms. Zimmerman is not able to meet her obligations as an attorney for debtors before the Bankruptcy Court at this time. Based on hearings held in the Four Cases, the Court concludes that Ms. Zimmerman agrees.

For example, during a hearing held in *In re Edward Hastings*, case number 16-31844, a case bearing similar facts to these Four Cases, but for which this Court has closed, Ms. Zimmerman acknowledged some of the problems caused by her performance of her duties as a debtor's attorney in that case and stated,

> I deserved to be sanctioned because of the – and particularly, this client and other clients, I've put them at risk of all kinds of different things. So that's the only thing I can say is that I had a terrible six months. I'm a fairly new attorney in this arena and. You know, I got in over my head and I am digging myself out. ECF No. 63 in case number 16-31844, Transcript of Hearing held on July 13, 2017, P. 10, L. 1-8.

Further, during a hearing in an unrelated Chapter 7 case, *In re Vincent Dyer*, case number 17-31902,[5] Ms. Zimmerman, while represented by her own counsel, Attorney

---

[5] In the *Dyer* case, Ms. Zimmerman was unable to timely file a mandatory list of creditors that complied with the bankruptcy rules. The Court resorted to issuing yet another Order to Show Cause to address the deficiencies caused by Ms. Zimmerman's lack of diligence. The consequence of Ms. Zimmerman's lack of diligence in the *Dyer* case was that the creditors of the debtor had no notice of the filing of the case, of the date for a meeting of creditors, or of the deadlines to object to discharge or dischargeability. The bankruptcy trustee assigned to the case conducted an examination of the debtor that will have to be repeated because the first one was not properly noticed to creditors. Ms. Zimmerman, once made aware of the notice issue during the Show Cause hearing, appeared not to appreciate the issues caused by the lack of notice that resulted from her failure to file a list of creditors. The Court notes that thousands of bankruptcy cases are filed in this District each year, and in almost every case other attorneys and *pro se* parties are able to timely file the mandatory list of creditors, adhering to certain technical criteria specified in the federal rules, the local rules and the electronic filing requirements of the Bankruptcy Court. Faced with technical hurdles, Ms. Zimmerman again did nothing, rather than filing a motion to extend the deadline, getting effective assistance from her mentor (Attorney Suzanne Sutton) or otherwise addressing the crucial list of creditors.

Suzanne Sutton, volunteered that she intends to cease filing cases in the Bankruptcy Court.  ECF No. 21 in case number 17-31902, Transcript of Hearing held on January 31, 2018, P. 5, L. 25, P. 11, L. 3-5.

| | |
|---|---|
| Court: | I guess what I want to understand is do you want to keep filing cases in this Court? |
| Ms. Zimmerman: | No.  No.  In fact, I'm almost done.  I have  -- I'd like to finish out the current cases that I have and I'd like to – I have some retainers and we're waiting for other issues to make sure that they're done properly.  But no.  I mean, my goal is --- I'd like to be done by March.  I currently have about 15 cases pending.  Not in just this Court, in other Courts, too, which is a lot and I'm trying to figure out if I can get other lawyers, or advise them.  I don't know.  But yeah, my goal is to be done completely by March.  It might be pushed a little bit beyond that, but no. |
| Court: | I guess in a broader sense what you're saying, Ms. Zimmerman, is that it's your intention not to practice before the Bankruptcy Court in Connecticut after a certain period of time. |
| Ms. Zimmerman: | Yes. |
| Court: | After a certain point in time.  And what is that point in time would you say? |
| Ms. Zimmerman: | Ideally I'd like it to be March, but it's probably going to have to be pushed till -- I mean, to get everything resolved |
| Court: | Are you intending to file any new cases starting now? |
| Ms. Zimmerman: | I am.  I have two or three that I'm just waiting to get all the documents and waiting to get all the petitions prepared. |
| Court: | Would it be fair to say that you wouldn't practice before the Bankruptcy Court after April 1st? |
| Ms. Zimmerman: | Yes. |

7

| | |
|---|---|
| Court: | Is it your intention -- |
| Ms. Zimmerman: | Well, and I guess – |
| Court: | -- to never practice -- it is your intention to never practice before the Court again? |
| Ms. Zimmerman: | Yes. As of -- yes. |
| Court: | Okay. |
| Ms. Zimmerman: | And I think it would be fair to say -- to make sure -- depending on when I -- I won't file any new cases after April 1st, but there might be some still pending. |

ECF No. 21 in case number 17-31902, Transcript of Hearing held on January 31, 2018, P. 11, L. 3-16, P. 16, L. 11-25, P. 17, L. 1-14. (Transcript pages attached as Exhibit A hereto).

In light of Ms. Zimmerman's suggested course of action and her inactive status as a member of the bar of the State of Connecticut, the Court concludes that an appropriate sanction for her apparent inability to adequately attend to the demands of representing debtors in bankruptcy Court would be for Attorney Zimmerman's privilege of filing debtor cases in this District to be revoked until further order of the Court, effective immediately. The Court will provide notice of this Order to the clients of Ms. Zimmerman in all pending cases.[6]

This Order has the effect of revoking Ms. Zimmerman's ability to file bankruptcy cases for debtor clients in the District of Connecticut, commencing immediately and continuing until Ms. Zimmerman is returned to active status as a member of the bar of the State of Connecticut and further order of this Court. If Ms. Zimmerman seeks to modify

---

[6] The Court notes that substantially all of Ms. Zimmerman's cases have been closed prior to the issuance of this Order. However, a preliminary search has identified two Chapter 7 cases, including *In re Urlana Brown*, case no. 17-31240 and *In re James Moreschi*, case no. 17-31610, where Ms. Zimmerman remains as counsel of record for the debtor.

8

this sanction and the terms of this Order in the future, she may file a motion with the Court in any one of the Four Cases to seek such review.

### *Disgorgement of Attorney's Fees*

The Court dismissed the Four Cases upon the motion of the Chapter 13 Standing Trustee because each of the debtors had failed to comply (and did not appear to even attempt to comply) with the most basic requirements of a Chapter 13 case, including attendance at a meeting of creditors pursuant to 11 U.S.C. § 341, delivery of documents requested by the Chapter 13 Standing Trustee, including various banking and financial documents and tax returns pursuant to 11 U.S.C. § 521, or, the commencement of mandatory monthly Chapter 13 plan payments to the Chapter 13 Standing Trustee pursuant to 11 U.S.C. § 1326(a).  Ms. Zimmerman did not attend the hearings on the motions to dismiss her client's cases and filed no objection to the allegations set forth in the motions.[7]  The Court retained jurisdiction in each of the dismissed cases to address allowance of attorney's fees and costs pursuant to 11 U.S.C. § 330.  The Court then directed Ms. Zimmerman to file applications for allowance of compensation by a date certain in accordance with 11 U.S.C. §§ 327 – 330, Fed.R.Bankr.P. 2016 and 2017 and D.Conn.LBR. 2016-1.

The following summarizes the applications for compensation filed by Attorney Zimmerman in each of the Four Cases:[8]

- In the case of Mannes Tzvi Okounev, case number 16-31599, the Court ordered Ms. Zimmerman to file, on or before May 26, 2017, an application

---

[7] The dismissal of a bankruptcy case prejudices an individual if a subsequent case is filed within certain time frames.  *See* 11 U.S.C. § 362(c).

[8] The Court accepts Ms. Zimmerman's hourly rate -- $200.00 per hour – as reasonable for purposes of this Order.

9

for compensation. ECF No. 26 in case number 16-31599. Ms. Zimmerman failed to meet that deadline and did not file an application until September 19, 2017, after the Court entered two additional Orders to Show Cause, ECF Nos. 30 and 35, directing compliance. ECF No. 38 in case number 16-31599. In the application, Ms. Zimmerman requested approval for four and a quarter hours at a rate of $200.00 per hour totaling $850.00. Additionally, she requested reimbursement of expenses of $313.00, representing the filing fee. The application represented that Ms. Zimmerman had received a retainer of $1,500.00 from the debtor despite the fact that the Disclosure of Compensation, Official Form 2030 (hereinafter "Form 2030") filed with the debtor's petition indicated that Ms. Zimmerman had received, and agreed to accept for legal services, $1,200.00. *Compare* ECF No. 38 and 1.

- In the case of Hortense Hall, case number 16-31611, the Court ordered Ms. Zimmerman to file, on or before May 26, 2017, an application for compensation. ECF No. 20 in case number 16-31611. Ms. Zimmerman failed to meet that deadline and did not file an application until September 19, 2017, after the Court entered two additional Orders to Show Cause, ECF Nos. 28 and 32, directing compliance. ECF No. 35 in case number 16-31611. In the application, Ms. Zimmerman requested approval for five hours at a rate of $200.00 per hour totaling $1,000.00. Additionally, she requested reimbursement of expenses of $313.00 representing the filing

10

fee. The application represented that Ms. Zimmerman had received a retainer of $500.00. ECF No. 38.

- In the case of Josephine C. Lennon, case number 16-31674, the Court ordered Ms. Zimmerman to file, on or before May 26, 2017, an application for compensation. ECF No. 17 in case number 16-31674. Ms. Zimmerman failed to meet that deadline and did not file an application until September 19, 2017, after the Court entered two additional Orders to Show Cause, ECF Nos. 21 and 25, directing compliance. ECF No. 28 in case number 16-31674. In the application, Ms. Zimmerman requested approval for six and a half hours at a rate of $200.00 per hour totaling $1,350.00. Additionally, she requested reimbursement of expenses of $313.00 representing the filing fee. The application represented that Ms. Zimmerman had received a retainer of $2,000.00. ECF No. 38.

- In the case of Gladys Martinez, case number 17-30174, the Court ordered Ms. Zimmerman to file, on or before August 25, 2017, an application for compensation. ECF No. 28 in case number 17-30174. Ms. Zimmerman failed to meet that deadline and did not file an application until September 19, 2017. ECF No. 35 in case number 17-30174. In the application, Ms. Zimmerman requested approval for three and a half hours at a rate of $200.00 per hour totaling $700.00. Additionally, she requested reimbursement of expenses of $313.00 representing the filing fee. The application represented that Ms. Zimmerman had received a retainer of $750.00 from the debtor despite the fact that the Form 2030 filed with the

11

debtor's petition indicated that Ms. Zimmerman had received, and agreed to accept for legal services, $0.00.  *Compare* ECF No. 35 and 1.

The record reflects a persistent failure by Ms. Zimmerman to comply with Court orders and due dates.  Additionally, the Court finds that the applications for compensation submitted in the Four Cases are deficient and fail to provide a factual basis for approval.  Pursuant to 11 U.S.C. § 329 and in accordance with Fed.R.Bankr.P. 2016(b), an attorney representing a debtor in a bankruptcy case is required to file a statement of the compensation paid or agreed to be paid.  11 U.S.C. § 329(a).  The allowance of compensation for debtors' counsel in a chapter 13 case is governed by the operation of 11 U.S.C. § 330.  Section 330 provides in relevant part, that "[i]n a … chapter 13 case …, the Court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor."  11 U.S.C. § 330(a)(4)(B).  As with all documents filed with the Court, an attorney filing a disclosure pursuant to § 329 must adhere to the mandates of Fed.R.Civ.P. 11, made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9011.  Section 329 of the Bankruptcy Code and Rule 2016 recognize the Court's traditional concern for the need to carefully scrutinize the compensation paid to a debtor's attorney and to provide protection to the debtor, the estate, and creditors.  3-329 *Collier on Bankruptcy* ¶ 329.01 (16th).  This disclosure obligation is mandatory and not permissive, regardless of whether counsel will seek compensation from the estate, and is central to the integrity of the bankruptcy process.  3-329 *Collier on Bankruptcy* ¶ 329.01 (16th).

12

In several of Ms. Zimmerman's applications, the fee amount sought to be approved and the retainer paid by the debtor are inconsistent with the fee disclosed in Form 2030. The significance of the discrepancies between the applications and Form 2030 should not be minimized. The mandatory, and continuing, disclosure requirements of Fed.R.Bankr.P. 2016 serve an important function of providing notice of the terms and conditions of the attorney's services and compensation to the Court and creditors. In addition to the inconsistencies, the Court also notes that Ms. Zimmerman's applications leave much to be desired, providing skeletal descriptions of the services rendered. Of greater concern to the Court is the value of the services provided to the debtors. As the record above shows, all of these chapter 13 cases resulted in a dismissal for the debtors, a delay for the creditors, a disregard for the integrity of the bankruptcy process, and a disregard for the limited resources of the Trustee and the Court. The only value of Ms. Zimmerman's legal services to the debtors here appears to have been an unwarranted delay of collection activity by creditors amid an absence of intention to meet the requirements of the Bankruptcy Code for chapter 13 debtors.[9] Because this is an improper purpose for the commencement of a chapter 13 case, if it is the sole purpose,

---

[9] The Court takes judicial notice, pursuant to Fed.R.Evid. 201(b), of judicial proceedings that are matters of public record, including court records that are available to the public through the Connecticut Judicial Branch website: www.jud.ct.gov. The Court notes that in several of the Four Cases, the petition was filed on the eve of a foreclosure sale or law day, including:
- In the case of Hortense Hall, case number 16-31611, the chapter 13 bankruptcy petition was filed on October 21, 2016 - one day prior to the foreclosure sale date scheduled in the Connecticut Superior Court case *MetLife Home Loans, a Division of MetLife Bank N.A. v. Hortense Hall*, bearing docket number AAN-CV-12-6010555-S;
- In the case of Mannes Okounev, case number 16-31599, the chapter 13 bankruptcy petition was filed on October 19, 2016, five days prior to the foreclosure law day scheduled in the Connecticut Superior Court case *Connecticut Housing Finance Authority v. Mannes Okounev*, bearing docket number NNH-CV-13-6036838-S;
- In the case of Gladys Martinez, case number 17-30174, the chapter 13 bankruptcy petition was filed on February 14, 2017, the same day as the foreclosure law day scheduled in the Connecticut Superior Court case *Beneficial Financial I, Inc. v. Gladys Martinez*, bearing docket number NNH-CV-13-6041783;

and given the record here that no further steps to comply with the Bankruptcy Code were taken by Ms. Zimmerman or her clients, the Court concludes that disgorgement is warranted.

NOW THEREFORE, it is hereby

ORDERED, that, pursuant to the Court's authority under Fed.R.Bankr.P. 9011 and 11 U.S.C. 105(a), Ms. Zimmerman is prohibited from filing any new cases or representing any party in the Bankruptcy Court, until further order; and it is further

ORDERED, that, in the event Ms. Zimmerman seeks authority to file cases on behalf of debtors in the future, she must first file an application with this Court requesting permission to do so and include an affidavit detailing whether she has been reinstated to active status as a member of the bar of the State of Connecticut and the steps she has taken to correct her practice including any continuing legal education courses taken; and it is further

ORDERED, that the following applications for compensation, ECF No. 38 in case number 16-31599, ECF No. 35 in case number 16-31611, ECF No. 28 in case number 16-31674, and ECF No. 35 in case number 17-30174, are disapproved; and it is further

ORDERED, that, in *In re Mannes Okounev*, case number 16-31599, Ms. Zimmerman shall disgorge to Mannes Okounev the amount of Five Hundred Dollars ($500.00); and it is further

ORDERED, that, in *In re Hortense Hall*, case number 16-31611, Ms. Zimmerman shall disgorge to Hortense Hall the amount of Five Hundred ($500.00) Dollars; and it is further

ORDERED, that, in *In re Josephine Lennon*, case number 16-31674, Ms. Zimmerman shall disgorge to Josephine Lennon the amount of Five Hundred Dollars ($500.00); and it is further

ORDERED, that in *In re Gladys Martinez*, case number 17-30174, Ms. Zimmerman shall disgorge to Gladys Martinez the amount of Five Hundred Dollars ($500.00); and it is further

ORDERED, that, on or before October 12, 2018, in *In re Mannes Okounev*, case number 16-31599; *In re Hortense Hall*, case number 16-31611; *In re Josephine Lennon*, case number 16-31674; and *In re Gladys Martinez*, case number 17-30174, Ms. Zimmerman shall manually file a notice in each case indicating that she has disgorged the funds, the date she disgorged the funds, and the amount, and Ms. Zimmerman shall manually file a certificate of service indicating that she has made service of the notice on each individual debtor in each case even if the cases are closed by the Clerk; and it is further

ORDERED, that, for any cases currently pending where Ms. Zimmerman is counsel of record for the debtor, the Clerk of the Court shall file a copy of this Order on the docket of that case and send a copy of this Order to each debtor at his or her address of record; and it is further

ORDERED, that, the Clerk of the Court shall make a notation on each open case in which Ms. Zimmerman has previously represented a party that she is now barred from filing in this Court.

Dated this 18th day of September, 2018, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut